**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00088-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Alan Davis, | |
| Defendant. | |

Before the Court is Defendant's Objection to the Governments' Use of Videos to Charge Counts 1 & 2 and Request that the Court Review the Videos to Determine if They Contain Images of "a Minor Engaged in Sexually Explicit Conduct." (Doc 26). The Government has Filed a Response (*Sealed* Doc. 28), and the Defendant has filed a Reply. (Doc. 32). The Court ordered the parties to file supplemental briefing on the affect, if any, of *United States v. Mendez*, 35 F.4th 1219 (9th Cir. 2022), on the pending Objection. The parties filed those briefs. (Docs. 44 & 45). The Court now issues its Order.

**I.    Background**

On March 1, 2022 a federal grand jury indicted the Defendant, Jeffrey Alan Davis, on, among other charges: Count One, Attempting to Product Child Pornography in violation of Title 18 U.S.C. §§ 2251(a), (e) and 2256, and Count Two, Distribution of Child Pornography in violation of Title 18 U.S.C. §§ 2252(a)(2), (b)(1) and 2256. (Doc. 20).[1]

The Government based Counts One and Two on two videos which "depict Jane Doe,

---
[1] The grand jury also charged the Defendant with two separate violations of Possessing Child Pornography (Count's Three and Four) which are not the subject of his Objection.

age 5, lying in her bed. Her face is not visible in either video. She is lying as though asleep." (Doc. 31 at 3–4). Both videos are of the same child, clothed, whose back is facing the camera.[2] In one image, a male is facing the child's back and fully engaged in masturbation. In the other, the male is facing the child's back, simulating masturbation, and he stops then appears to place his hand on the child's buttocks.

The Defendant filed this Objection under Federal Rule of Criminal Procedure 12(b)(1). (Doc. 26 at 3). He asks the Court to find, as a matter of law, that the videos that support Count One and Two "do not contain images of a minor engaged in sexually explicit conduct." (*Id.*) He asserts that the "clothed person (alleged minor) is not engaged in any 'sexually explicit conduct,' while the male is[,]" and therefore the elements of 18 U.S.C. § 2251(a) are not met.

The Government asserts that at trial, the evidence will show the videos here were among others that were distributed by the Defendant while in a chatroom occupied by others who expressed a sexual interest in children. (*Sealed* Doc. 30 at 16). The Government further avows the evidence will show that while distributing the depictions, he identified the minor and expressed a sexual interest in that child. (*Id.*) The Government argues that a jury can scrutinize the images for themselves to determine if they fall under the definitions for production or attempted production. (*Id.*)

The Defendant states that if the Court determines, upon its review of the video evidence, that the images do not show a minor engaged in sexually explicit conduct, it should dismiss Counts One and Two. Presumably, then, the Court should convert his Objection into a Motion to Dismiss those two counts of the Indictment. The Court will proceed in that way.

## II. Law and Analysis

### a. Motion to Dismiss the Indictment

In considering a motion to dismiss an indictment because it fails to state an offense, a court must accept the allegations in the indictment as true and analyze whether a

---

[2] The Court reviewed the two videos at issue. (Doc. 34).

cognizable offense has been charged. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2022). The motion can be determined before trial "if it involves a question of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, "a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Id.* (citations omitted). The court "must decide the issue raised in a motion to dismiss if it is "entirely segregable" from the evidence to be presented at trial. *Id.* (citations omitted). So, if the basis of the pretrial claim is "substantially founded upon and intertwined with" evidence concerning the alleged offense, the motion falls within the province of the fact finder and must be deferred. *Id.* Finally, if the pretrial motion is not entirely segregable from the evidence to be presented at trial, but does not require a review of a substantial portion of that evidence, the court has discretion to defer decision on the motion. *Id. See also* Fed.R.Crim. P. 12(d).

### b. Issue of Fact for the Jury?

As the Court views it, the question to be resolved is whether the image falls within the definition of "sexually explicit conduct" under 18 U.S.C. §§).2251. Within that inquiry is the intertwined question of whether the defendant "used" a minor to take part in that conduct. Because this latter question falls within the fact finders responsibility, and for the reasons stated herein, the Court will deny the Motion. *See United States v. Laursen*, 847 F.3d 1026, 1032 (9th Cir. 2017) ("[t]he question of whether the pictures fall within the statutory definition is a question of fact[.]"). *See also United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) cert. denied, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987) ("[t]he question of whether the pictures fall within the statutory definition is a question of fact.").

The Defendant was charged in Count One of the Indictment with a violation of or attempt to violate 18 U.S.C. § 2251, and in Count Two for distributing those images. Section 2251(a) makes it a crime for "[a]ny person who employs, *uses*, persuades, induces, entices, or coerces any minor to engage in . . any sexually explicit conduct for the purpose

of producing any visual depiction of such conduct, or for the purpose of transmitting a live, visual depiction of such conduct[.]" (Emphasis added). Section 2256(2)(A), defines "sexually explicit conduct" to include " actual or simulated . . . masturbation."[3]

In *Laursen*, the Ninth Circuit held that the term "uses" means "to put into action or service," " to avail oneself" or "[to] employ." 847 F.3d at 1032. The images in *Laursen*, included sexually explicit "selfie" photographs, taken by a minor at the request of the adult defendant with whom the minor was in a consensual sexual relationship with. *Id* at 1029. The circuit court found that the images were taken at the defendant's direction "at a minimum engaging in active conduct that resulted in the production of child pornography. *Id.* at 1032–33 (citing *United States v. Overton*, 573 F.3d 679, 692 (9th Cir. 2009). The court reasoned that "active conduct alone suffices to sustain a conviction under 2251(a)." *Id.* at 1033. The court found its opinion aligned with other circuit court decisions. *See United States v. Sirois*, 87 F.3d 34, 42 (2nd Cir. 1996) (defining "use" as occurring whenever a minor is the subject of the photograph); *United States v. Wright*, 774 F.3d 1085, 1090 (6th Cir. 2014) (finding the "use" element is satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography).

More recently, in observing *United States v. Howard,* 968 F.3d 717 (7th Cir. 2020) (holding that a defendant did not engage in production of child pornography when he made visual depictions of himself masturbating next to a fully clothed and sleeping child), the Ninth Circuit reiterated its *Laursen* holding that the sexually explicit conduct need not be that of the minor. *Mendez*, 35 F.4th at 1223. In *Mendez*, the court noted that *Howard* was "an odd case" and explained that "we read the statute as focusing on the conduct of the perpetrator — not the minor — and our decision in *Laursen* holds that the 'use' element is satisfied 'whenever a minor is the subject of the photography.' *Id*. Notably, the Ninth Circuit had previously determined that the statutes' conduct is aimed at the defendant, and not the minor depicted in an image. *Id*. In *Wiegand*, the circuit court addressed a question regarding the statutes term "lascivious." 812 F.2d at 1243–45. The court stated "[i]n the

---

[3] The statutory definition also includes additional conduct that is not the subject of this Motion.

- 4 -

context of the statute applied to the conduct of children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles[.]" *Id.* at 1244. The Defendant concedes that "you briefly see a male masturbating then reaching down towards the clothed buttocks" of the minor. (Doc. 26 at 2). Thus, a jury could find that the Defendant used the minor to produce an image containing sexually explicit conduct.

The Defendant's argument wholly relies on *Howard*, an out-of-circuit case which has no precedential value for this Court, especially in light of *Mendez.* Therefore, the Court will not find, as a matter of law, that the Defendant's alleged acts of simulated or actual masturbation over a clothed child does not constitute child pornography. Indeed, to do so would be in contravention of Ninth Circuit precedent.

Finally, the Court need not spend much time on the observation that the child is clothed as prior courts have already foreclosed related challenges. *See United States v. Knox*, 32 F.3d 733, 737 (3rd Cir. 1994) (holding that "the federal child pornography statute[4], on its face, contains no nudity or discernibility requirement . . . that non-nude visual depictions can qualify as lascivious exhibitions.").[5] So, what remains is a question of fact: whether, applying the defined term of "uses" or "used," a jury could find that the defendant used or attempted to use a minor to engage in sexually explicit conduct, that is, by simulating or actually masturbating in the manner depicted in the two images.

Accordingly,

**IT IS ORDERED granting** in part and **denying** in part, the Defendant's Motion to Dismiss Counts One and Two of the Indictment (Doc. 26).

. . .

. . .

. . .

---

[4] Though the statute analyzed in *Knox* has been subsequently amended, the Court notes that the present statute contains no nudity or discernibility requirement.

[5] Nor does the Court need to address whether the depictions are of a minor because the Defendant concedes they are.

The Motion is **granted** as it relates to the Defendant's Request that the Court Review the Videos to Determine if they Contain Images of a Minor Engaged in Sexually Explicit Conduct. The Motion is otherwise **denied**.

Dated this 23rd day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge